**Joseph T. MANZO, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner, Defendant–Appellee.**

No. 00–55776.

D.C. No. CV–99–00174–E.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2001.*

Decided Nov. 6, 2001.

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

### MEMORANDUM **

Joseph Manzo appeals the district court's grant of summary judgment in favor of the Commissioner of Social Security in Manzo's application seeking disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively. We reverse and remand.

(1) Manzo asserts that the Administrative Law Judge erred at the third step of the five step sequential evaluation process [1] when he determined that Manzo did not meet the listing for disorders of the spine. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, 1.05C. We disagree. The ALJ thoroughly reviewed the evidence and made the necessary findings. *See Lewis v. Apfel,* 236 F.3d 503, 513–14 (9th Cir.2001). In order to meet the listing, Manzo had to satisfy all of its criteria. *See* 20 C.F.R. § 416.925(d); *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990). We find that the ALJ's decision that Manzo did not satisfy the criteria was supported by adequate evidence.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 20 C.F.R. §§ 404.1520, 416.920.

■ (2) Manzo also asserts that the ALJ erred at the fifth step of the evaluation process because he did not present a complete hypothetical to the vocational expert. We agree. A hypothetical must set forth all of the claimant's limitations. *See Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir.1989); *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). It is true that the ALJ need not accept every one of a claimant's complaints, if appropriate findings are made. *See Copeland v. Bowen,* 861 F.2d 536, 540 (9th Cir.1988); *Vincent v. Heckler,* 739 F.2d 1393, 1394–95 (9th Cir. 1984). Here, however, Manzo indicated that he must lie down a number of times during the day and his testimony was accepted as credible, but that limitation, which could be significant, was not included in the hypothetical. *See Embrey,* 849 F.2d at 423.

■ We recognize that the record is not entirely clear because Manzo testified that when he was on a job and could not lie down, he just endured. Whether he could endure if he were working full time was not explored. However, it is the ALJ's duty to develop the record. *See DeLorme v. Sullivan,* 924 F.2d 841, 849 (9th Cir. 1991). By the same token, Manzo's failure to note the ALJ's failure to include the limitation in the hypothetical does not bar him; it was the ALJ's duty to present the hypothetical properly.

In short, the ALJ did not reject Manzo's testimony, nor did he include the limitation in the hypothetical, nor did he develop the record sufficiently to make a conclusion one way or another apodictic. Therefore, we reverse and remand to the district court with directions to remand to the Commissioner so that the record can be fully developed, the ALJ can determine whether Manzo must lie down during a working day, and, if so, can make that limitation part of a hypothetical to a vocational expert. *See Reddick v. Chater,* 157 F.3d 715, 728 (9th Cir.1998).

REVERSED AND REMANDED.